UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SMALLWOOD, | ) | CASE NO. 1:06CV 2804 |
| | ) | 1:05cr327 |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Robert Smallwood's("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #1.)

**I.**

On September 8, 2005, pursuant to a written plea agreement, Petitioner entered a plea of guilty to Count One of the Indictment for possession with intent to distribute fifty (50) grams or more of cocaine base (crack cocaine) in violation of Title 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A). Petitioner was later sentenced to 140 months in the custody of the Bureau of Prisons, to be followed by a term of six (6) years of supervised release. On November 20, 2006, Petitioner filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence.

**II.**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the

sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255.  In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea.  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).  As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted).  If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion.  *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

### III.

Petitioner raises two basic claims in his Motion, alleging that his guilty plea was made unlawfully, involuntarily, and without understanding of the nature of the charge and the consequences of his plea (grounds one, two and four), and alleging ineffective assistance of counsel (ground three). Specifically, Petitioner claims that the record demonstrates that his plea was not knowingly or voluntarily entered into, and that his attorney (1) failed to explain the legal definitions and treatment of  cocaine versus "cocaine-based" substances and failed to explain the rights the Petitioner was giving up by pleading guilty; (2) represented that he was facing life in prison when his maximum sentence would have been thirty (30) years;  (3)advised him to plead guilty even though the government had not found any drugs at his house or on his person.

The Petitioner's claim that his guilty plea was not lawful, knowing or voluntary is without support in the record. The written plea agreement in this case was very detailed. It included the nature of the substance with which Petitioner was charged, the rights he was giving up by pleading guilty, and it identified the Petitioner as a career offender. Further, Petitioner's counsel was correct in stating that if he did not plead guilty, the Petitioner may have been facing life in prison. If Mr. Smallwood had gone to trial, and the government had filed for a §851 enhancement on the basis of his two prior drug felony convictions, and sought conviction for a higher amount of substance than they stipulated to for purposes of the guilty plea, Mr. Smallwood would have potentially faced life in prison upon a conviction. Finally, Mr. Smallwood was also informed of his rights in open court when he entered his guilty plea. There is no factual or legal basis in the record of this case that would lead this Court to question whether the Petitioner's plea was knowing and voluntary. Petitioner's first, second and fourth grounds for relief are, therefore, denied.

The Petitioner's claims for ineffective assistance of counsel are likewise, unsubstantiated. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

The recitation of facts set forth in the Government's Response to the Petitioner's Motion for Relief accurately reflects the evidence presented in support of Mr. Smallwood's guilty plea

and the information available to Mr. Smallwood's during and prior to his change of plea and sentencing. They are, therefore, adopted by this Court as if rewritten, herein.

The Petitioner has failed to offer any facts or evidence to support his allegations of ineffective assistance of counsel under ground three. Petitioner has offered nothing more than speculation and conjecture in support of his claim of ineffective assistance of counsel, and the law is clear that such a basis is "patently insufficient" to support a petition for *habeus corpus*. *See, e.g.*, *Barry v. United States*, 528 F.3d 1094, 1101 (7th Cir. 1976); *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003); *United States v. Allison*, 59 f.3d 43, 47 (6th Cir. 1995).

Further the Petitioner has not provided any evidence that would show he was prejudiced by any acts or failures of his attorney. Petitioner does not claim that he was innocent of the charges, or that the amount or type of substance at issue was wrong. Petitioner's attorney had a duty to advice him based on the evidence the government had against him, and to inform him of the potential sentence he would face if a plea were not entered. Everything in the record indicates that this exactly what his attorney did, whether or not the Petitioner likes to hear that advice. There is no evidence that any errors or misjudgments that Petitioner assigns to his attorney, even if true, would have had any detrimental effect on the outcome of the trial or in the sentence Mr. Smallwood received. In fact, it is very possible that his counsel's advice saved Mr. Smallwood from a potential life sentence.

**IV.**

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the

reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #1) is DENIED.  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                  s/Donald C. Nugent
                 DONALD C. NUGENT
                 United States District Judge

DATED:   March 19, 2007